IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANNETTE MARIE STUMO,

                Plaintiff,                   OPINION AND ORDER

v.

                                            21-cv-097-wmc

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Pursuant to 42 U.S.C. § 405(g), plaintiff Annette Stumo seeks judicial review of a final determination that she was not disabled within the meaning of the Social Security Act. In particular, Stumo contends that remand is warranted because Administrative Law Judge Deborah Giesen ("ALJ"): (1) relied on outdated medical opinion evidence; (2) failed to explain how she considered obesity in combination with her other impairments; and (3) lacked authority to decide her claim for disability payments given that the Acting Commissioner of Social Security holds his office unconstitutionally. For the reasons that follow, the court rejects these challenges and will affirm the finding that Stumo was not disabled, or at least during the period relevant to her claim.

BACKGROUND

Plaintiff Stumo has at least a high school education, was 51 years old on the alleged disability onset date, and previously worked as a hair stylist and front-end supervisor. The ALJ held a hearing on November 15, 2019, with a supplemental hearing on May 20, 2020. (AR 19.) Stumo was represented at the hearing by attorneys Cherie Pichone and Crystal

Flynn. *Id*. She is now represented by attorney Dana Duncan, who appears regularly before this court. (Pl.'s Mot. (dkt. 19) 1.)

On July 1, 2020, the ALJ issued a 15-page decision finding that Stumo was not disabled, despite having the following severe impairments: "degenerative disc disease of the lumbar spine, status post-surgery; and status-post right knee arthroplasty for osteoarthritis." (AR 22, 34) For reasons explained in her decision, the ALJ concluded that none of these conditions (nor any combination thereof) met or exceeded the severity of equivalent disabilities listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 25.) Consistent with her overall findings, the ALJ also crafted the following Residual Functional Capacity ("RFC"), which allowed for Stumo doing light work, with, among others, the following restrictions:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that [she] can only occasionally climb, balance, stoop, kneel, crouch, and crawl.

(AR 25.)

Assuming this RFC, a vocational expert testified then that Stumo could still perform her past relevant work as a hair stylist or front-end supervisor. (AR 31.) The expert also testified that there were sufficient jobs in the national economy outside of Stumo's previous work that she could perform with her RFC. (Id.) Deferring to that opinion, the ALJ ultimately held that Stumo was "not disabled," as that term is defined in the Social Security Act and related regulations. (AR 34.)

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

I. Post-Surgery Medical Opinion

Plaintiff initially argues that the ALJ was required to solicit a medical opinion about her capabilities after spinal fusion surgery. (Pl.'s Mot. (dkt. #19) 10.) The Seventh Circuit has held that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018). While the ALJ here relied on several medical opinions, defendant rightly emphasizes that "[t]he last opinion . . . was rendered in November 2019, a month

3

before Stumo's surgery [meaning] the ALJ had no medical opinions regarding Stumo's limitations post-surgery." (Pl.'s Mot. (dkt. #19) 10.)

However, the November 2019 report that plaintiff referred to as inadequate was provided by Rachel Tollefsrud, M.D., who was Stumo's treating physician. (AR 696.) Moreover, in her report, Dr. Tollefsrud acknowledged that Stumo was going in for back surgery the next month, even citing Stumo's upcoming surgery as one of the medical findings supporting her assessment that Stumo could lift less than 10 pounds only rarely. (AR 697.) Thus, this is not like *Moreno*, "which involved a seven-year-old assessment undermined by later records of entirely new symptoms." *Pavlicek v. Saul*, 994 F.3d 777, 784 (7th Cir. 2021) (citing *Moreno*, 882 F.3d at 728.) Indeed, in *Pavlicek* the Seventh Circuit later clarified the reach of *Moreno*, by holding in that a two-year old medical opinion "was not so outdated that the ALJ had to disregard it," especially since, as here, the opining doctor "already knew [claimant] was experiencing severe tremors, so the later records corroborating this condition do not necessarily undermine his conclusions." 994 F.3d at 784. Specifically, as just mentioned, Dr. Tollefsrud relied on Stumo's upcoming surgery as justification for her assessment of severe limitations.

This argument would be more persuasive if, after her surgery, Stumo had experienced a worsening of her condition or "entirely new symptoms." *Pavlicek v. Saul*, 994 F.3d 777, 784 (7th Cir. 2021). Instead, the ALJ in her decision observed in the post-operative treatment notes from Stumo's surgeon state the opposite: "Annette has made a excellent recovery [in] regards to her lumbar spine . . . She believes that she feels much better in regards to her low back than she did before surgery." (AR 742.) The combination

4

of a nearly contemporaneous opinion from Stumo's treating physician and post-operative surgeon notes suggesting Stumo's symptoms had improved after surgery simply are not enough to justify a remand for further findings.

## II. Obesity

Even if her back surgery were not enough, plaintiff argues that the ALJ failed to take her obesity into account in conjunction with her other impairments. At the same time, however, plaintiff acknowledges that the Seventh Circuit has found this failure to be "harmless error only when the ALJ indirectly takes obesity into account through the accepted opinion evidence in the record." (Pl.'s Mot. (dkt. #19) 16) (citing *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012). Unfortunately for plaintiff, the ALJ did just that in finding the opinion of M. Brill, M.D., "persuasive" (AR 29), who in turn noted Stumo's BMI when explaining his RFC assessment. (AR 75.) Moreover, the ALJ explicitly addressed Stumo's obesity at step two, writing that:

> The undersigned has considered whether the claimant's obesity causes or contributes to co-existing impairments as required by Social Security Ruling 19-02p. However, there is no evidence of any specific or quantifiable impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning. Therefore, the claimant's obesity is not considered a severe impairment.

(AR 22.) Finally, plaintiff herself failed to point to any evidence that her obesity would change her RFC, much less overcome the substantial deference due the ALJ's findings of fact. Given these facts, the ALJ both indirectly and directly incorporated Stumo's obesity into her RFC.

5

In her reply, plaintiff advances a new, more convoluted argument that "where the ALJ provided a specific basis for adopting the medical expert's opinions that does not include obesity, the ALJ was explicitly rejecting obesity as the basis for those limitations." First, this argument, such as it is, was improperly raised for the first time upon reply. Second, even timely argued, plaintiff cites no legal authority supporting this argument, nor explains how it comports with the Seventh Circuit in *Arnett*, at least where, as here, the ALJ adopted a medical expert's opinion that *does* address the claimant's obesity.

Finally, even if the ALJ's brief acknowledgements of her obesity were insufficient, plaintiff has not carried her "burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018). For example, she has not pointed to any reason why her obesity supports a limitation beyond the current RFC; instead, she singles out one note in her medical records where the doctor discussed multiple options for nonsurgical management of knee pain, including "weight loss (where applicable)." (Pl.'s Mot. (dkt. #19) 17) (citing AR 493). This cursory note is insufficient to show that her obesity caused an actual, specific limitation that wasn't captured in the RFC. For that reason, even if the ALJ failed to discuss plaintiff's obesity fully, it is not a basis for remand.

### III. Constitutionality

Finally, this court has repeatedly rejected the argument that a social security case must be remanded due to the unconstitutional power of the social security administrator. See *Roth v. Kijakazi*, No. 20-CV-1077-JDP, 2021 WL 6062062 (W.D. Wis. Dec. 22,

2021); *Schwechel v. Kijakazi*, No. 20-CV-700-WMC, 2022 WL 135022 (W.D. Wis. Jan. 14, 2022); *Warren v. Kijakazi*, No. 21-cv-007-WMC, 2022 WL 248047 (W.D. Wis. Jan. 27, 2022). Plaintiff offers no new reason to depart from those decisions.

## ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that plaintiff Jeana Warren is not eligible for social security disability benefits, is AFFIRMED.

2) The clerk of court is directed to enter judgment for defendant.

Entered this 27th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge